UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH W. CANDLER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>R. DIAZ, et al.,<br><br>　　　　　　Defendants. | No.  2:19-cv-0819 TLN AC P<br><br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

　　I.　　Application to Proceed In Forma Pauperis

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF Nos. 2, 5.  Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint, ECF No. 1, asserts violations of plaintiff's Eighth Amendment rights by defendants Diaz, the Secretary of the California Department of Corrections and Rehabilitation; Boughman, the warden at California State Prison, Sacramento; and various known and unknown correctional staff. The complaint alleges as follows. Beginning in December 2016, plaintiff was told by floor staff that he would have to wear leg irons every time he exited his cell because he was housed in the psychiatric services unit. Id. at 7. Over a period of three months, defendants forced plaintiff to walk to his appointments in leg irons that cut through his socks and skin, causing his ankles to bleed and leaving scars. Id. at 7-8. On March 3, 2017, plaintiff put in a medical request to be seen for a follow-up related to his injuries, but Doe defendants refused to schedule medical appointment in order to cover up plaintiff's injuries. Id. at 8. Defendants Diaz and Boughman are responsible for the leg iron policy. The Facility-A captain, A-3 lieutenant, and A-3 sergeant (all Doe defendants) are liable because they oversaw operations and made sure the leg iron policy was being enforced. Id. at 10. Plaintiff also alleges that defendants Terry, Jeimenez, Ehlers, Vue, Brown, Thomison, Herr, Craimer, Johnson, Brewer, Parker, and Lesmiester, all repeatedly placed tight leg irons on plaintiff over the course of three months.

////

////

IV.   Failure to State a Claim

   A. Supervisory Defendants

"There is no respondeat superior liability under section 1983," Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), and the complaint does not contain any allegations that defendants Diaz and Boughman, or the Doe captain, lieutenant, and sergeant were personally involved in placing the leg irons on plaintiff or that they were aware that the leg irons were causing plaintiff injury and failed to intervene, see Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisor can be liable for his personal involvement or if there is a sufficient causal connection between supervisor's conduct and violation (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989))).  To the extent plaintiff is alleging that defendants' implementation of the leg iron policy violated his rights, he has not alleged facts to show that the policy itself was "so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).  The fact that there was a policy requiring leg irons, without more, is insufficient to show the policy was deficient and caused the violation of plaintiff's constitutional rights.

   B. Correctional Officer Defendants

Although plaintiff alleges that defendants Terry, Jeimenez, Ehlers, Vue, Brown, Thomison, Herr, Craimer, Johnson, Brewer, Parker, and Lesmiester all applied tight leg irons to plaintiff, there are no allegations showing that any of these defendants had the necessary subjective state of mind to support an Eighth Amendment claim.  See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (force is excessive if used "maliciously and sadistically to cause harm" (citation omitted)); Farmer, 511 U.S. at 837 (official not liable under Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety").  There are no facts in the complaint showing that any of the defendants either deliberately put overtightened plaintiff's leg irons in order to cause him pain or knew that the leg irons were causing plaintiff pain and failed to take corrective action.

### C. Medical Defendants

Plaintiff's allegation that one or more Doe defendants in charge of the medical line violated his rights by failing to schedule his medical appointment fails to state a claim because the facts are insufficient to show a deliberate disregard to plaintiff's serious medical needs or that he experienced any harm. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (plaintiff must allege a serious medical need, a purposeful failure to respond to the need, and harm caused by the indifference (citation omitted)). At most, plaintiff has alleged negligence in failing to schedule his appointment, which does not state a claim for deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 104 (1976) (negligence in treating medical condition does not state a claim under the Eighth Amendment).

## V. Leave to Amend

As explained above, plaintiff has failed to allege facts to state a claim for relief against any defendant. If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended

complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

You are being given leave to amend because the facts you have alleged in the complaint are not enough to state a claim for relief. You have not provided enough facts to show that any defendant was deliberately trying to cause you harm or knew that the leg irons were injuring you but then failed to do anything. You also have not shown that you had a serious medical need that the medical defendants ignored, resulting in you being harmed, or that the leg iron policy was the cause of your injuries.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims or information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket

number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

     5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: April 12, 2021

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE